Heirs of Francisco María Franceschi, Etc., Plaintiffs and Appellees, *v.* Corporación Hipódromo de Ponce, Inc., Defendant; Xavier Mariani Palmieri, Intervener and Appellant.

No. 4927.    Argued February 11, 1930.—Decided April 7, 1930.

*Tous Soto & Zapater,* for appellant. *F. Parra Capó* and *López de, Tord & Zayas Pizarro,* for appellees.

Mr. Justice Aldrey delivered the opinion of the court.

In a summary foreclosure proceeding instituted by the Heirs of Francisco María Franceschi against Corporación Hipódromo de Ponce, Inc., to recover a certain sum secured by a first mortgage on a piece of property of the defendant, three days before the date set for the public sale of the mortgaged premises, Xavier Mariani Palmieri, a third person, appeared in the proceeding and alleged that, as shown by the record, he was. a junior mortgagee and in that capacity he had paid into the Treasury of Porto Rico the sum of $999.42 for delinquent taxes in order to avoid the sale of the mortgaged property for the said taxes, and that by virtue of the said payment he had been subrogated to the priority rights of the People of Porto Rico for the collection of such taxes. He, therefore, petitioned the court for an order directing the marshal to pay to the petitioner the said claim for taxes and interest thereon out of the proceeds of the public sale in the said proceeding, and to give such claim priority over the mortgage credit being foreclosed.

It appears that a hearing of the petition was had in which the foreclosing creditors and the petitioners participated. The said creditors had filed a motion to strike out the petition and the first ground they advanced in support of that motion was that it was sought by the petition to suspend and interfere with the foreclosure proceedings; but the court rejected this contention and declared that the petition did not seek to so affect the proceeding but to have the marshal withhold a portion of the proceeds of the public sale. However, the court afterwards stated that the advertised sale would be suspended pending a determination

of the petition. To prevent such a suspension the foreclosing creditors offered to give a bond to answer Mariani for any valid claim that he might have. Some days later the court denied the petition of Mariani on the ground that, according to section 333 of the Political Code, his claim had no priority over that of the foreclosing creditors. Whereupon Mariani filed a motion for reconsideration of that decision and the court, after a hearing at which evidence was introduced on that motion, finally denied the same. Thereupon Mariani took the present appeal.

In their brief filed in answer to the brief of the appellant, the appellees state that a dismissal of the appeal lies because the decision sought to be reviewed herein is not appealable; but inasmuch as the appellees have not discussed this point with sufficient thoroughness, nor has the appellant submitted any argument thereon, neither of the parties having appeared at the hearing of the appeal, and, as after a consideration of the record and of the briefs filed, we are not going to reverse the decision of the trial court, we shall abstain from deciding the question thus raised since our failure to pass upon it will cause no prejudice to the appellees.

The present case is a special summary proceeding between private parties in which the appellant Mariani has no right to intervene, because section 175 of the Mortgage Law Regulations clearly provides that summary foreclosure proceedings can not be suspended by incidental issues or any other issues raised by the debtor or the third person in possession, nor by any other person appearing as an interested party, save in certain specified cases in none of which the petition of Mariani is included; and because the said section also provides that all other claims that may be brought either by the debtor or by third persons in possession and other persons interested, shall be heard in the proper plenary action, without ever producing the effect of suspending or interfering with the execution proceedings, granting the complainant the right to demand that the ef-

fectiveness of the judgment be secured by the retention of all or of a part of the amount to be delivered to the execution creditor in consequence of the foreclosure proceedings.

The petition of the appellant for an order directing the marshal to give priority to his claim over that of the foreclosing creditors out of the proceeds of the public sale in the summary foreclosure proceeding—the prosecution of which involves the service on the debtor of a demand for payment and, in the event of his failure to make such payment within 30 days, the ordering of a sale of the mortgaged property—raised within the said proceeding issues of fact and of law which were subject to adversary proof and argument between the claimant and the execution creditors, since the issuance of such an order would have deprived the latter of their rights as first mortgagees with priority over other creditors of the mortgagor. Therefore, the effect of the petition was tantamount to the prosecution of a plenary declaratory action for the recovery of a preferred claim within the summary proceeding instituted by the appellees in the present case, and this is expressly prohibited by the Mortgage Law Regulations.

Besides, the said petition resulted in a suspension of the mortgage foreclosure proceeding because, as the petition could not be decided before the day set for the foreclosure sale due to the time at which it was filed, it became necessary, as the trial court said, to suspend the sale, and in order to avoid this the foreclosing creditors were compelled to offer a bond to secure the claim of the appellant—a requirement which could not be validly imposed upon them within the foreclosure proceeding as a prerequisite for obtaining the sale of the mortgaged property. Another result produced by that petition has been the taking of this appeal, wherein it is sought to have it declared that the appellant is entitled to the priority rights claimed by him.

All the foregoing was done in violation of the procedure prescribed for the proceeding instituted by the foreclosing

creditors herein, and for that reason the order appealed from must be affirmed.

Mr. Justice Hutchison concurs in the judgment.